**FLEXI–VAN LEASING, INC., Plaintiff,**

v.

**PHAROS LINES, S.A. and Constellation Navigation, Inc., Defendants.**

**Nos. 89 Civ. 7888 (CBM), 90 Civ. 5222 (CBM).**

United States District Court, S.D. New York.

Aug. 10, 1992.

---

FINDINGS OF FACT AND
CONCLUSIONS OF LAW
ON DAMAGES

MOTLEY, District Judge.

### I. Introduction

A bench trial was held in this consolidated action on January 13–15, 27–29, 1992. On June 17, 1992, the court issued its Findings of Fact and Conclusions of Law, 1992 WL 357416, familiarity with which is presumed. At that time Flexi–Van was directed to provide the court with evidence in the form of charts and/or calculations to support its damages claims. *See* Findings of Fact ¶ 83. Flexi–Van did so on June 26, 1992 by submitting an affidavit from H. Randolph Snoke, Flexi–Van's Director of Credit, with nine supporting attachments (the "Snoke Affidavit").

After reconsidering the issues, the court determined that Flexi–Van is not entitled to receive casualty value damages for the equipment located at Davis Transportation. Had Flexi–Van mitigated its damages by paying Mr. Davis the $6,000.00 he requested for the release of the equipment, Flexi–Van would have had the equipment, and, therefore, could not have requested casualty value damages for the equipment. Therefore, on July 8, 1992, the court directed Flexi–Van to identify the particular units of its equipment located at Davis Transportation. Flexi–Van did so on July 20, 1992, submitting a list of 28 units. At that time, Flexi–Van requested the court to consider forthcoming evidence describing its maintenance and repair costs associated with these units, arguing that Flexi–Van is entitled to such damages under the Lease Agreement. Flexi–Van submitted its proof on July 23, 1992 in the form of a supplemental affidavit from H. Randolph Snoke with three supporting attachments (the "Supplemental Snoke Affidavit").

### II. Additional Findings of Fact

After weighing the testimonial and documentary evidence received at trial, including the credibility of the witnesses, as well as the Snoke Affidavit and Supplemental Snoke Affidavit, the court makes the following additional findings of fact:

1. The total aggregate amount owed by Pharos Lines and Constellation Navigation to Flexi–Van is $985,731.04. *See* Appendix A. This figure consists mainly of Flexi–Van's accounts receivable under the Lease Agreement, recovery expenses and legal fees. Each is discussed in turn.

2. Accounts receivable under the Lease Agreement include (a) rental charges, (b) maintenance and repair charges and (c) casualty values for unreturned equipment.

**A. Rental Charges.**

(1) Pursuant to ¶ 9 of the Terms and Conditions of the Lease Agreement, upon defendants' default Flexi–Van is entitled to recover the balance of rentals due and payable through the remainder of the lease term. Unpaid per diem rental fees from March 1990 to August 1990 amount to $105,220.92. Interest amounts to $37,187.64.[1] *See* Appendix B.

---

**1.** Paragraph 6 of the Terms and Conditions of    the Lease Agreement provides that in the event

(2) After the default and the expiration of the lease period, defendants failed to return a certain quantity of equipment and converted it for their own benefit. Thus Flexi–Van continued to accrue rental fees from September 1990 forward on unreturned and unrecovered equipment. In the Snoke Affidavit, Flexi–Van calculated these fees as $211,468.20 through May 1992. In doing so, Flexi–Van took into account that it could no longer accrue rental fees on any equipment which was recovered or returned, such as the four units recovered from Trident Shipping earlier this year. Flexi–Van also deducted rental fees from February 1, 1991 to June 26, 1992 on its equipment located at Davis Transportation, since the court found that Flexi–Van should have mitigated its damages with respect to this equipment by paying Mr. Davis the $6,000.00 he requested for its release in late January 1991.

The court finds that Flexi–Van's figure of $211,468.20 is substantially correct. Interest amounts to $34,504.61. *See* Appendix C.

B. **Maintenance and Repair Charges.**

Pursuant to ¶ 2 of the Terms and Conditions of the Lease Agreement, defendants are obligated to keep and maintain the equipment in good repair and operating condition, normal wear and tear excepted. Additionally, ¶ 4 provides that defendants have an obligation to redeliver the equipment in the same condition as when originally received by defendants. All of the equipment redelivered to Flexi–Van by defendants or recovered by Flexi–Van through other means contained varying degrees of damage beyond normal wear and tear. In the ordinary course of business, Flexi–Van estimated repairs on such equipment and issued repair invoices to defendants cov-

ering those types of damage for which defendants are liable under the terms of the Lease Agreement. Any unit which incurred damages in excess of its casualty value [2] was deemed a constructive total loss. In such cases, Flexi–Van is entitled only to casualty value charges.

(1) Unpaid repair charges on units that have been recovered or returned to Flexi–Van, not including the 28 units located at Davis Transportation, amount to $43,492.24. Interest amounts to $8,676.34. *See* Appendix D.

(2) Unpaid repair charges on the 28 units being recovered from Davis Transportation amount to $92,900.49. *See* Appendix E.

(3) Unpaid casualty value charges for three off-hired flatbed trailers and one chassis which were recovered and deemed constructive total losses amount to $24,467.10. Interest amounts to $7,774.50. *See* Appendix F.

(4) Unpaid casualty value charges for the four flatbeds recovered from Trident Shipping by Mr. Rhodes which were also deemed constructive total losses amount to $20,000.00. Interest amounts to $1,610.96. *See* Appendix F.

C. **Casualty Values for Unreturned Equipment.**

Pursuant the Lease Agreement (*see* ¶¶ 3, 4, 9), Flexi–Van is entitled to recover the casualty value of any unreturned or unrecovered equipment. Flexi–Van seeks such damages on 83 units. However, the court finds that Flexi–Van is not entitled to casualty value damages on the equipment located at Davis Transportation. Thus, Flexi–Van is entitled to casualty value damages on only the 55 remaining units. This amounts to:

---

defendants fail to pay Flexi–Van all charges owing when due, Flexi–Van is entitled to charge defendants interest on any unpaid amounts at the contractual rate of 15% per annum. In this Opinion, interest is calculated through July 27, 1992.

2. Flexi–Van computes the casualty value amount for each individual piece of equipment in accordance with Flexi–Van's internal Operations and Procedure Manual and the standard Casualty Value Schedules for each type of equipment. The formula is: casualty value = replacement value × depreciation factor. *See* Snoke Affidavit Exh. H.

(1) $120,975.00 for 24 Chassis; and

(2) $171,470.00 for 31 Flatbed trailers. *See* Appendix G.

3. Recovery Expenses. Pursuant to ¶ 9 of the Terms and Conditions of the Lease Agreement, upon defendants' default Flexi–Van is entitled to payment of all costs and expenses incurred by Flexi–Van to recover and retake its leased equipment. Flexi–Van's Accounting Department created a distinct General Ledger code (no. 6314) in order to capture expenses incurred by Flexi–Van in its recovery efforts. The aggregate amount incurred by Flexi–Van from May 1990 through June 26, 1992 is $18,352.00. Generally, this represents costs paid to third party depots for storage and handling and costs paid to trucking companies for repositioning equipment into Flexi–Van facilities.

4. The General Ledger did not capture the $6,000.00 Mr. Rhodes paid Trident Shipping to recover four flatbeds earlier this year. Flexi–Van is entitled to this recovery expense as well.

5. Flexi–Van is now in the process of securing the release of its equipment from Davis Transportation. By the time it has done so, Flexi–Van will have paid an amount in excess of $6,000.00 to Davis Transportation. However, Flexi–Van is not entitled to any more than $6,000.00 as a recovery expense at this time.

6. Total recovery expenses amount to $30,352.00 ($18,352.00 + $6,000.00 + $6,000.00 = $30,352.00).

7. Legal Fees. Pursuant to ¶ 9 of the Terms and Conditions of the Lease Agreement, upon defendants' default Flexi–Van is entitled to attorney's fees incurred in its efforts to retake its equipment and to recover rental, repair and other amounts due and owing. Thus, Flexi–Van is entitled to recover the following fees it incurred:

(1) $78,204.00 to Flicker & Associates, Flexi–Van's counsel in this action;

(2) $2,464.39 to Sinkler & Boyd, in connection with a litigation Flexi–Van commenced in Charleston, South Carolina against Container Management Corp. seeking recovery of certain Flexi–Van equipment under lease to Pharos Lines detained by Container Management because defendants owed Container Management storage, handling and trucking charges; as a result of the litigation, Flexi–Van successfully recovered all of the equipment from Container Management Corp., thereby mitigating its damages in this matter;

(3) $2,971.85 to Mel Winter, for stenographer costs (the taking of pre-trial depositions and obtaining deposition transcripts);

(4) $1,684.80 to Southern District Reporters, P.C., for stenographer costs (the trial transcript).

8. On defendants' counterclaim, Flexi–Van is liable for $3,334.00 for charges associated with the recovery of equipment in Romania and $360.00 for charges associated with the recovery of equipment in Turkey, totalling $3,694.00. *See* Conclusions of Law ¶ 16.

*III. Additional Conclusions of Law*

1. As discussed in the court's Conclusions of Law, defendants are jointly and severally liable for the full amount of damages. As a party to the Lease Agreement with Flexi–Van, Pharos Lines is directly responsible for breaches thereunder which damaged Flexi–Van. Constellation Navigation, through its extensive general agency relationship with Pharos Lines, also owed a duty to Flexi–Van to maintain and safeguard the leased equipment and to effect timely rental payments. Constellation Navigation breached its duty and converted 55 units.

2. In its Findings of Fact and Conclusions of Law, the court found that Flexi–Van abrogated its duty to mitigate damages in late January 1991 when it refused to pay Mr. Davis the $6,000.00 he requested for the release of Flexi–Van equipment on lease to Pharos Lines located on his premises. *See* Conclusions of Law ¶ 7. Had Flexi–Van paid the $6,000.00, it would have recovered 28 units. Therefore, from its failure to mitigate, it follows that Flexi–Van is not entitled to casualty value damages for the 28 units nor can Flexi–

Van recover accrued rental fees on any of these units from February 1, 1991 to the present.

■ 3. On the other hand, as damages in this action Flexi–Van is entitled to recover any expenses which it incurs while reclaiming its equipment from Davis Transportation. The only such recovery expense proved by Flexi–Van regards the money Mr. Davis requests for the release of the equipment. Flexi–Van asserts that by the time it has secured the release of its equipment, it will have paid an amount in excess of $6,000.00 to Davis Transportation. However, since the court has ruled that Flexi–Van should have mitigated its damages in late January 1991 by paying Mr. Davis the $6,000.00 he requested for the release of the equipment, Flexi–Van is not entitled to any more than $6,000.00 as a recovery expense at this time.

4. To the extent that any of the 28 units located at Davis Transportation are damaged, Flexi–Van can also recover its repair costs.

SO ORDERED.

Appendix A
Summary of Damages.

I. Accounts receivable under the Lease Agreement.

   A. Rental charges.

| | |
|---|---|
| (1) Accelerated rental fees. | + 105,220.92 |
| Interest. | + 37,187.64 |
| (2) Accrued rental charges from September 1990 forward. | + 211,468.20 |
| Interest. | + 34,504.61 |

   B. Maintenance and repair charges.

| | |
|---|---|
| (1) Unpaid repairs, except for units at Davis Transportation. | + 43,492.24 |
| Interest. | + 8,676.34 |
| (2) Unpaid repairs for units at Davis Transportation. | + 92,900.49 |
| (3) Constructive total losses, except for units recovered from Trident Shipping. | + 24,467.10 |
| Interest. | + 7,774.50 |
| (4) Constructive total losses on units recovered from Trident Shipping. | + 20,000.00 |
| Interest. | + 1,610.96 |

   C. Casualty values for unreturned equipment.

| | | |
|---|---|---|
| (1) | 24 Chassis. | + 120,975.00 |
| (2) | 31 Flatbeds. | + 171,470.00 |

II. Recovery expenses.     + 30,352.00

III. Legal fees.

| | |
|---|---|
| A. Flicker & Associates. | + 78,204.00 |
| B. Sinkler & Boyd. | + 2,464.39 |
| C. Mel Winter. | + 2,971.85 |
| D. Southern District Reporters, P.C. | + 1,684.80 |

IV. Defendants' counterclaim.     − 3,694.00

                                                Total     $985,731.04

## Appendix B

Accelerated rental fees.

| Month | Due Date | Amount | # of Days | Interest |
|-------|----------|--------|-----------|----------|
| March 1990 | 20–Mar–90 | 17,536.82 | 860 | 6,197.94 |
| April 1990 | 20–Mar–90 | 17,536.82 | 860 | 6,197.94 |
| May 1990 | 20–Mar–90 | 17,536.82 | 860 | 6,197.94 |
| June 1990 | 20–Mar–90 | 17,536.82 | 860 | 6,197.94 |
| July 1990 | 20–Mar–90 | 17,536.82 | 860 | 6,197.94 |
| August 1990 | 20–Mar–90 | 17,536.82 | 860 | 6,197.94 |
| | | $105,220.92 | | $37,187.64 |

## Appendix C

Accrued rental charges from September 1990 forward.

| Invoice # | Due Date | Amount | # of Days | Interest |
|-----------|----------|--------|-----------|----------|
| G94A051 | 12–Apr–89 | 490.00 | 1,202 | 242.05 |
| G95A025 | 25–May–89 | 157.50 | 1,159 | 75.02 |
| G03A041 | 28–Mar–90 | 455.00 | 852 | 159.31 |
| G03A091 | 23–Mar–90 | 140.00 | 857 | 49.31 |
| G03A154 | 28–Mar–90 | 805.00 | 852 | 281.86 |
| G090603 | 20–Oct–90 | 16,436.00 | 646 | 4,363.42 |
| G0A0586 | 20–Nov–90 | 16,412.61 | 615 | 4,148.12 |
| G0B0591 | 20–Dec–90 | 15,189.61 | 585 | 3,651.75 |
| G0C0572 | 20–Jan–91 | 14,026.78 | 554 | 3,193.32 |
| G11A031 | 25–Jan–91 | 416.00 | 549 | 93.86 |
| G11A061 | 25–Jan–91 | 312.00 | 549 | 70.39 |
| G110562 | 20–Feb–91 | 13,899.44 | 523 | 2,987.43 |
| G120551 | 20–Mar–91 | 9,040.12 | 495 | 1,838.98 |
| G13A099 | 18–Mar–91 | 35.00 | 497 | 7.15 |
| G13A150 | 19–Mar–91 | 577.50 | 496 | 117.72 |
| G13A205 | 22–Mar–91 | 245.00 | 493 | 49.64 |
| G130550 | 20–Apr–91 | 9,870.09 | 464 | 1,882.08 |
| G140551 | 20–May–91 | 9,551.70 | 434 | 1,703.60 |
| G150534 | 20–Jun–91 | 9,627.89 | 403 | 1,594.54 |
| G160535 | 20–Jul–91 | 7,827.30 | 373 | 1,199.83 |
| G170535 | 20–Aug–91 | 8,088.21 | 342 | 1,136.78 |
| G180536 | 20–Sep–91 | 8,088.21 | 311 | 1,033.74 |
| G190535 | 20–Oct–91 | 7,827.30 | 281 | 903.89 |
| G1A0535 | 20–Nov–91 | 8,088.21 | 250 | 830.98 |
| G1B0523 | 20–Dec–91 | 7,827.30 | 220 | 707.67 |
| G1C0528 | 20–Jan–92 | 8,088.21 | 189 | 628.22 |
| G210515 | 20–Feb–92 | 7,711.06 | 158 | 500.69 |
| G220503 | 20–Mar–92 | 6,990.74 | 129 | 370.62 |
| G23A053 | 02–Mar–92 | 682.50 | 147 | 41.23 |
| G23A092 | 04–Mar–92 | 286.00 | 145 | 17.04 |
| G23A136 | 04–Mar–92 | 140.00 | 145 | 8.34 |
| G230512 | 20–Apr–92 | 7,472.86 | 98 | 300.96 |
| G240509 | 20–May–92 | 7,231.80 | 68 | 202.09 |
| G250505 | 20–Jun–92 | 7,431.26 | 37 | 113.00 |
| | | $211,468.20 | | $34,504.61 |

<u>Appendix D</u>

Unpaid Repair Charges, not including the 28 units being recovered from Davis Transportation.

| Invoice # | Due Date | Amount | # of Days | Interest |
|---|---|---|---|---|
| R073315 | 16–Jul–90 | 1,277.50 | 742 | 389.55 |
| R083202 | 02–Aug–90 | 1,093.00 | 725 | 325.65 |
| R083232 | 02–Aug–90 | 1,303.25 | 725 | 388.30 |
| R0C3208 | 21–Dec–90 | 1,999.07 | 584 | 479.78 |
| R0C3209 | 21–Dec–90 | 1,032.63 | 584 | 247.83 |
| R0C3210 | 21–Dec–90 | 1,277.16 | 584 | 311.32 |
| RC03211 | 21–Dec–90 | 1,343.76 | 584 | 322.50 |
| R0C3212 | 21–Dec–90 | 1,422.37 | 584 | 341.37 |
| R0C3213 | 21–Dec–90 | 1,141.45 | 584 | 273.95 |
| R0C3214 | 21–Dec–90 | 1,058.95 | 584 | 254.15 |
| R113616 | 31–Jan–91 | 476.00 | 543 | 106.22 |
| R113617 | 31–Jan–91 | 1,255.90 | 543 | 280.25 |
| R113618 | 31–Jan–91 | 1,281.50 | 543 | 285.97 |
| R113619 | 31–Jan–91 | 1,081.75 | 543 | 241.39 |
| R133410 | 27–Mar–91 | 2,100.94 | 488 | 421.34 |
| R133411 | 27–Mar–91 | 716.55 | 488 | 143.70 |
| R133412 | 27–Mar–91 | 1,469.84 | 488 | 294.77 |
| R133413 | 27–Mar–91 | 1,496.10 | 488 | 300.04 |
| R133414 | 27–Mar–91 | 689.00 | 488 | 138.18 |
| R133415 | 27–Mar–91 | 1,476.00 | 488 | 296.01 |
| R133416 | 27–Mar–91 | 1,357.50 | 488 | 272.24 |
| R143212 | 09–Apr–91 | 4,302.50 | 475 | 839.87 |
| R143213 | 09–Apr–91 | 846.75 | 475 | 165.14 |
| R143214 | 09–Apr–91 | 1,613.25 | 475 | 314.92 |
| R163035 | 24–Jun–91 | 1,200.04 | 399 | 196.77 |
| R263036 | 24–Jun–91 | 1,549.70 | 399 | 254.11 |
| R163037 | 24–Jun–91 | 427.43 | 399 | 70.09 |
| R163038 | 24–Jun–91 | 845.47 | 399 | 138.63 |
| R163039 | 24–Jun–91 | 1,305.51 | 399 | 214.07 |
| R163040 | 24–Jun–91 | 609.98 | 399 | 100.02 |
| R1B3028 | 26–Nov–91 | 1,432.23 | 244 | 143.62 |
| R1B3029 | 26–Nov–91 | 985.41 | 244 | 98.81 |
| R263108 | 26–Jun–92 | 2,023.75 | 31 | 25.78 |
| | | $43,492.24 | | $8,676.34 |

## Appendix E

Unpaid Repair charges on the 28 units being recovered from Davis Transportation.

| Unit No. | Damage Amount | Casualty Value |
|---|---|---|
| UFCC008422–8 | 1,962.63 | |
| UFCC008459–4 | 3,539.75 | |
| UFCC008514–2 | 1,520.25 | |
| UFCC008529–2 | 1,917.75 | |
| UFCC008535–3 | 1,291.75 | |
| UFCC008638–6 | 2,930.63 | |
| UFCC008709–A | 3,164.00 | |
| UFCC008712–4 | 2,623.25 | |
| UFCC008746–4 | 2,951.48 | |
| UFCC008747–A | —— | |
| UFCC053588–8 | 3,852.50 | |
| UFCC059627–1 | 1,391.25 | |
| UFCC075887–6 | 3,157.00 | |
| UFCC076749–8 | —— | |
| GIL0002986 | 7,233.50 | 6,675.00 |
| GIL0012433 | 6,124.38 | 5,000.00 |
| GIL0016635 | 7,633.88 | 6,675.00 |
| GIL0016642 | 1,940.00 | |
| GIL0016767 | 2,089.25 | |
| GIL0017249 | 6,727.63 | 6,675.00 |
| GIL0017282 | 686.25 | |
| GIL0018714 | N/A | 5,000.00 |
| GIL0018747 | 3,723.00 | |
| GIL0018749 | 7,196.50 | 5,000.00 |
| GIL0019814 | 4,318.75 | |
| GIL0020191 | 4,816.00 | |
| GIL0020194 | 5,268.63 | 5,000.00 |
| GIL0020202 | 6,044.50 | 5,000.00 |

Total amount:    $92,900.49

Notes:

1. Either unit UFCC008709–A or UFCC008747–A had damages of 3,164.00. The other was unidentifiable; therefore, Flexi–Van must forego its repair claim with respect to this unit.
2. Flexi–Van was unable to identify unit UFCC076749–8; therefore, it must forego its repair claim with respect to this unit.
3. GIL0018714 was burned beyond repair.

## Appendix F

Unpaid Constructive Total Losses, not including units recovered from Trident Shipping.

| Invoice # | Due Date | Amount | # of Days | Interest |
|---|---|---|---|---|
| CT84002 | 19–Apr–88 | 6,167.10 | 1,560 | 3,953.70 |
| CT84003 | 19–Apr–88 | 4,950.00 | 1,560 | 3,173.42 |
| CT23014 | 31–Mar–92 | 6,675.00 | 118 | 323.69 |
| CT23015 | 31–Mar–92 | 6,675.00 | 118 | 323.69 |
| | | $24,467.10 | | $7,774.50 |

Unpaid Constructive Total Losses on units recovered from Trident Shipping ($5,000.00 each for GIL0018736, GIL0018752, GIL0020190, and GIL0020199).

| Amount | Recovery Date | # of Days | Interest |
|---|---|---|---|
| $20,000.00 | 13–Jan–92 | 196 | $1,610.96 |

## Appendix G

Casualty values of equipment located at Davis Transportation.

**(1) 24 Chassis**

| Unit No. | CV Amount |
|---|---|
| AEIZ084155–5 | 4,125.00 |
| FVIC041276–A | 5,100.00 |
| FVIC083736–3 | 5,100.00 |
| JSC2040452–3 | 5,100.00 |
| UFCC005154–3 | 4,950.00 |
| UFCC006762–1 | 4,950.00 |
| UFCC008452–6 | 5,100.00 |
| UFCC008476–3 | 5,100.00 |
| UFCC008533–2 | 5,100.00 |
| UFCC008534–8 | 5,100.00 |
| UFCC008669–A | 5,100.00 |
| UFCC008706–3 | 5,100.00 |
| UFCC008708–4 | 5,100.00 |
| UFCC008713–A | 5,100.00 |
| UFCC008714–5 | 5,100.00 |
| UFCC008715–0 | 5,100.00 |
| UFCC008719–2 | 5,100.00 |
| UFCC050609–3 | 4,950.00 |
| UFCC051285–6 | 5,100.00 |
| UFCC056235–3 | 5,100.00 |
| UFCC056797–2 | 5,100.00 |
| UFCC057969–6 | 5,100.00 |
| UFCC060525–A | 5,100.00 |
| UFCC063683–6 | 5,100.00 |
| | $120,975.00 |

**(2) 31 Flatbeds**

| Unit No. | CV Amount |
|---|---|
| GIL0002979 | 6,675.00 |
| GIL0002997 | 5,000.00 |
| GIL0003694 | 4,720.00 |
| GIL0007705 | 5,000.00 |
| GIL0008413 | 6,675.00 |
| GIL0016601 | 5,000.00 |
| GIL0017224 | 6,675.00 |
| GIL0017293 | 6,675.00 |
| GIL0017972 | 6,675.00 |
| GIL0018704 | 5,000.00 |
| GIL0018707 | 5,000.00 |
| GIL0018711 | 5,000.00 |
| GIL0018748 | 5,000.00 |
| GIL0018756 | 5,000.00 |
| GIL0018762 | 5,000.00 |
| GIL0018828 | 6,675.00 |
| GIL0018835 | 6,675.00 |
| GIL0018942 | 6,675.00 |
| GIL0018947 | 6,675.00 |
| GIL0019405 | 6,675.00 |
| GIL0020181 | 5,000.00 |
| GIL0020183 | 5,000.00 |
| GIL0020184 | 5,000.00 |
| GIL0020198 | 5,000.00 |
| GIL0020203 | 5,000.00 |
| GIL0020204 | 5,000.00 |
| GIL0020205 | 5,000.00 |
| GIL0020211 | 5,000.00 |
| GIL0020212 | 5,000.00 |
| GIL0020217 | 5,000.00 |
| GIL0020218 | 5,000.00 |
| | $171,470.00 |